UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIMITIVO GARCIA ANDRADE, JOSE DE JESUS GARCIA AGUINAGA, and JORGE JAVIER LOPEZ,

Plaintiffs,

Case number 04-71024
Honorable Julian Abele Cook, Jr.

v.

MADRA'S CAFÉ CORPORATION, MADRAS WOODLANDS, INC., AVVA'S KITCHEN, INC., and BALAGURU RAMASAMY,

Defendants.

---

ORDER

This cause of action was initiated by the Plaintiffs, Primitvo Garcia Andrade, Jose De Jesus Garcia Aguinaga, and Jorge Javier Lopez, on March 19, 2004, all of whom seek to recover allegedly unpaid wages from the Defendants, Madra's Café Corporation, Madras Woodlands, Inc., and Balaguru Ramasamy. A default was entered by the Court on May 7, 2004, and followed by the entry of a default judgment on January 20, 2005. The Defendants have now filed a pleading[1] in which they ask the Court to set aside the previously entered default and default judgment. Their motion is now before the Court for consideration.

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." However, a stricter standard is applied to a

---

[1]This pleading is entitled " Motion to Set Aside Entry of Default and Thereby Entry of Default Judgment on Behalf of Defendants Madras Café Corporation, d/b/a India Kitchen, Nadras Café Corporation, d/b/a Mysore Woodlands, and Balaguru Ramasamy."

petitioner who seeks to set aside a default judgment. *Waifersong Ltd. V. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Federal Rule of Civil Procedure 60(b) reads, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for... (1) mistake, inadvertence, surprise, or excusable neglect...

In determining whether to set aside a default judgment, the Court must consider three factors: (1)if the defendants' culpable conduct led to the default, (2) whether they have a meritorious defense, and (3) under what circumstances, if any, would the plaintiff be prejudiced. *United Coin Meter Co. v. Seaboard RR*, 705 F.2d 839, 845 (6th Cir. 1983). However, as a threshold matter, the Defendants must initially satisfy the requirements of Federal Rule of Civil Procedure 60(b) prior to any evaluation of the three *United Coin Meter* factors by this Court. *See Waifersong Ltd.*, 976 F,2d at 292. Thus, it is incumbent upon these petitioners to demonstrate that their default was the product of some form of mistake, inadvertence, surprise, or excusable neglect.

In their quest for relief, the Defendants maintain that their failure to respond to the Complaint in a timely manner was due to (1) an improper service of process upon them, and (2) the illness and death of the mother of one of the Defendants, Balaguru Ramasamy. According to their pleadings, they first became aware of this litigation in April 2004. Nevertheless, there is no evidence that they undertook any action which sought to challenge (1) the alleged improper service of process or (2) the merit of the Plaintiffs' claims against them. Ramasamy proclaims that he was unable to attend to business matters because his mother became ill in October 2003

and died during the following year (May 15, 2004). Noting that Ramasamy's mother's demise in India occurred subsequent to the entry of the default in May 2004, the Court finds that his failure, as well as the failings of the other Defendants, to respond to the Plaintiffs' charges do not constitute excusable neglect. Moreover, the death of Ramasamy's mother does not excuse the remaining Defendants' inactivity and lack of diligence in this cause.

Now at issue is whether any of the Defendants should be granted relief from the default judgment which was entered in January 2005 --approximately nine months after they first became aware of the Plaintiffs' allegations against them. In its review of the record in this cause, the Court notes that the Defendants have merely asserted that their original counsel was permitted to withdraw from this case prior to the filing of this motion. However, the Order of October 7, 2004, which authorized the withdrawal of the Defendants' original law firm, also stayed this litigation for a period of thirty days for the primary purpose of allowing all of them to seek and retain another attorney. Nevertheless, the Defendants did not retain new counsel until February 14, 2004. Their failure to act diligently and responsibly with regard to this litigation neither satisfies the language nor the spirit of Federal Rule of Civil Procedure 60(b)(1), which, in turn, obviates the need by this Court to explore the three factors as outlined in *United Coin Meter*.

Accordingly, the Defendants' " Motion to Set Aside Entry of Default and Thereby Entry of Default Judgment on Behalf of Defendants Madras Café Corporation, d/b/a India Kitchen, Madras Café Corporation, d/b/a Mysore Woodlands, and Balaguru Ramasamy" must be, and is, denied.

IT IS SO ORDERED.

DATED: June 2, 2005
Detroit, Michigan

s/ Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
United States District Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2005.

s/ Kay Alford
Courtroom Deputy Clerk