# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Primitivo Garcia-Andrade et al.,

       Plaintiffs,                         Case No.  04-71024

v.                                                  Honorable Julian Abele Cook
                                                    U.S. District Judge

Madra's Café Corp. et al.,            Honorable Wallace Capel Jr.
                                                      U.S. Magistrate Judge

       Defendants.

_____/

## Plaintiff's Proposed Order

       This cause came before the Court, Honorable Wallace Capel Jr., United States Magistrate Judge presiding, at 9:30 a.m. on July 25, 2005.  By this motion, Plaintiffs Primitivo Garcia-Andrade et al. move the Court for a protective order governing certain aspects of the discovery to be undertaken by the Defendants in this action.

       This Court, having reviewed the submissions of the parties, and the oral arguments presented, finds as follows:

       The information and documents[1] sought by the Defendants that identify or otherwise tend to identify, the Plaintiffs' immigration status or authorization to work in the United States have the potential for incriminating the Plaintiffs if they were compelled to produce the requested information or documents.[2]

---

[1] The information and documents sought include but are not limited to: immigration status, driver's license, identification documents, birth certificates, tax filings, passports, social security numbers, employment authorization, and number and date of border crossings.

[2] *See, e.g.* Escobar v. Baker, 814 F. Supp. 1491 (W.D. Wash. 1993)(plaintiffs asserted their Fifth Amendment right against self-incrimination in response to interrogatories concerning

The Court notes that the Plaintiffs' have asserted their Fifth Amendment privilege against self incrimination and have refused to provide any information or documents that may incriminate them. This includes the very information and documents sought by the Defendants in this action. The Plaintiffs' right to assert this privilege in this matter is fully supported by precedent and this Court will not compel the Plaintiffs to provide the requested information or documents once that privilege has been asserted.[3]

Since Federal Rule of Civil Procedure 26(a) provides that discovery may be had of any matter, "not privileged," the discovery rules cannot reach information that is protected by the privilege against self-incrimination. Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979); Gatoil, Inc. v. Forest Hill State Bank, 104 F.R.D. 580, 581 (D.C. Md. 1985); Wright and Miller, Civil § 2018. It is well-established that the privilege applies in civil, as well as criminal actions. *See e.g.* Maness v. Myers, 95 S.Ct. 584 (1975); U.S. v. Kordel, 90 S.Ct. 763 (1970); McCarthy v. Arndstein, 45 S.Ct. 16 (1924). As the U.S. Supreme Court stated,

> The privilege [against self-incrimination] is not ordinarily dependent upon the nature of the proceedings in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. Maness, supra, at 594.

The privilege is available even if the risk of criminal prosecution is remote. In re Folding Carton Antitrust Litigation, 609 F.2d 867, 871 (7th Cir. 1979). Courts have thus repeatedly held that the privilege against self-incrimination justified a person in refusing to answer questions at a

---

whether they were authorized to be employed by the INS at the time they applied for work on the defendant's farms); Beltran-Tirado v. INS, 213 F.3d 1179 (9th Cir. 2000)(plaintiff convicted of falsely using a Social Security number was not guilty of a crime of moral turpitude); and Hoffman Plastic Compounds, Inc. v. NLRA, 535 U.S. 137, 147-148 ("Aliens who use or attempt to use such documents are subject to fines and criminal prosecution.")

[3] Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir. 1979) ("the privilege against self-incrimination justified a person in refusing to respond to interrogatories")

deposition, or to respond to interrogatories, requests for admission, or to produce documents. See e.g. Wright and Miller, Civil § 2018.  In re Folding Carton Antitrust Litigation, 609 F.2d 867, 871 (7th Cir. 1979); Wehling v. Columbia Broadcasting System, 608 F.2d 1084, (5th Cir. 1979), *rehearing denie*d 611 F.2d 1026 (5th Cir. 1980); In re Master Key Litigation, 507 F.2d 292 (9th Cir. 1974) (depositions); Gordon v. Federal Deposit Ins. Corp, 427 F.2d 578 (D.C. Cir. 1970) (interrogatories).

Furthermore, the Defendants have not shown that they have exhausted all alternative means of discovering the information sought regarding the Plaintiffs' employment history during the time period claimed in this matter.  In fact, the Plaintiffs have agreed to provide this information to the Defendants and therefore the Defendants are not prejudiced or injured by the granting of this protective order.

In addition, there is sufficient case law to support the assertion that immigration status is irrelevant in this matter and what little relevance the other information sought by the Defendants in this matter is outweighed by the Fifth Amendment concerns expressed by the Plaintiffs.[4]

Accordingly, the Court's following protective order balances Defendants' legitimate discovery needs, on the one hand, with Plaintiffs' ability to assert their workplace and constitutional rights without fear of adverse criminal or immigration  related consequences, on the other.

### PROTECTIVE ORDER

**A.**   **Matters As To Which Inquiries or Requests To Produce Are Barred**

**1.**   Because of the Plaintiffs' assertion of their Fifth Amendment rights, and

---

[4] Flores v. Amigon, 233 F. Supp. 2d 462 (E.D. NY 2002) ("the plaintiff's immigration status was irrelevant and posed a serious risk of injury to the plaintiff, outweighing any need for disclosure.")

        because of the powerful deterrent effect they would have on Plaintiffs' assertion of their workplace rights, the Court finds that there is good cause to prohibit Defendants from inquiring or requesting any documentation regarding or related to the Plaintiffs' past or current immigration or citizenship status.

2.     This prohibition encompasses not only direct questions or requests for production relating to immigration status or employment authorization, but also questions or requests that seek to elicit information closely bearing upon these areas or that could lead to the discovery of the Plaintiff's immigration status or employment authorization.

**B.**     **Other Provisions**

3.     All parties and their counsel shall take all necessary and available steps to ensure compliance with this protective order.

4.     This protective order is entered without prejudice to the parties right to object to the provision or disclosure of the covered information on any appropriate ground, or to the right to invoke any applicable privileges with respect to such information.

5.     In the event of any breach of this protective order, any party may seek appropriate equitable and legal relief therefore from the Court. In the event such a breach is proven to the satisfaction of the Court, the prevailing party shall in addition be entitled to recover costs and expenses by it in so doing.

6.     Within 30 days, the Plaintiffs shall provide the Defendants with the list of

previous employers for whom Plaintiffs worked during the period claimed in this action, including the address, phone number and period of employment for each.

GOOD CAUSE APPEARING, IT IS SO ORDERED.

Date: August 3, 2005                              s/ Wallace Capel, Jr.
                                                  Hon. Wallace Capel, Jr.
                                                  United States Magistrate Judge