UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIMITIVO GARCIA-ANDRADE,
JOSE DE JESUS GARCIA AGUINAGA,
AND JORGE JAVIER LOPEZ,

      Plaintiffs,                    CIVIL ACTION NO. 04-CV-71024

  vs.                              DISTRICT JUDGE JULIAN ABELE COOK

MADRA'S CAFÉ CORP.,           MAGISTRATE JUDGE MONA K. MAJZOUB
MADRAS WOODLANDS, INC.,
AVVA'S KITCHEN, INC., AND
BALAGURU RAMASAMY,

      Defendants.
                                /

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** Plaintiffs' Motion for Creditor's Examination (docket no. 66) should be **GRANTED**.

**II.** **REPORT**:

This matter comes before the Court on Plaintiffs' Motion for Creditor's Examination, filed on December 14, 2009. (Docket no. 66). Defendants have not responded to the motion and the time for response has expired. The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 67). The Court dispenses with oral argument pursuant to

---

[1] The order of reference referred this matter for decision pursuant to 28 U.S.C. § 636(b)(1)(A). A creditor's examination is a post-judgment matter, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

Plaintiffs brought this action on March 19, 2004, alleging violations of the Fair Labor Standards Act, 28 U.S.C. § 201 et seq., breach of contract, and unjust enrichment related to Defendants' failure to pay Plaintiffs the wages for which they are entitled. (Docket no. 1). On January 20, 2005 the Court entered a default judgment against Defendants Balaguru Ramasamy and Madra's Café Corp. in the amount of $176,524. (Docket no. 27). The Court entered a default judgment against the two remaining Defendants, Madras Woodlands, Inc. and Avva's Kitchen, Inc. in the amount of $203,897.62 on March 22, 2007. (Docket no. 57).

On November 10, 2009 the Court granted Plaintiffs' motion to reopen the case for the purpose of enforcing the default judgments against the Defendants. Plaintiffs filed the instant Motion for Creditor's Examination on December 14, 2009, seeking to determine the Defendants' financial status and scope of their collectible assets. (Docket no. 66). Plaintiffs assert that the creditor's examination will likely be of Defendant Balaguru Ramasamy only since this Defendant is the owner/operator of all of Defendant corporations. Plaintiffs ask the Court to issue a subpoena ordering Defendant Balagaru Ramasamy to appear for a creditor's examination at a date, time and location that is convenient for all parties.

Plaintiffs are entitled to conduct a creditor's examination in an effort to collect on their judgments. The Court should direct the Plaintiffs to issue a subpoena in accordance with Federal Rule of Civil Procedure 45.

### III. <u>**NOTICE TO PARTIES REGARDING OBJECTIONS**</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

2

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 7, 2010                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: April 7, 2010                s/ Lisa C. Bartlett
                                    Case Manager