UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIMITIVO GARCIA ANDRADE, JOSE DE
JESUS GARCIA AGUINAGA, and JORGE
JAVIER LOPEZ,

        Plaintiffs,

v.

MADRA'S CAFÉ CORPORATION, MADRAS
WOODLANDS, INC., AVVA'S KITCHEN, INC.,
and BALAGURU RAMASAMY,

        Defendants.

Case No. 04-71024
Honorable Julian Abele Cook, Jr.

## ORDER

This case arises out of claims by the Plaintiffs, Primitivo Garcia Andrade, Jose De Jesus Garcia Aguinaga, and Jorge Javier Lopez, all of whom complain that the Defendants, Madras Café Corporation, Madras Woodlands, Inc., Avva's Kitchen, Inc., and Balaguru Ramasamy, (1) infringed upon their rights under the Fair Labor Standards Act, 28 U.S.C. § 201 et seq., (2) breached the parties' employment contract, and (3) unjustly enriched themselves by failing to provide them with full and complete compensation for their work efforts.

On January 20, 2005, the Clerk of the Court entered a default judgment against Balagaru Ramasamy and Madras Café Corporation. Nearly two years later, on March 22, 2007, the Court entered a default judgment against the two remaining Defendants; namely, Madras Woodlands, Inc. and Avva's Kitchen, Inc.

1

On November 10, 2009, the Court granted the Plaintiffs' motion to reopen the case for the singular purpose of allowing them to seek the enforcement of their default judgments against these Defendants. Nearly one month later, on December 14th, the Plaintiffs filed a motion for a creditor's examination, contending that they are attempting to determine the extent of the Defendants' assets which may assist them in satisfying the default judgments of 2005 and 2007. The motion was referred to Magistrate Judge Mona K. Majzoub, who submitted a report on April 7, 2010, in which she recommended, *inter alia,* that the Court grant the Plaintiffs' motion. As of this date, the Defendants have failed to file a response to (1) the Plaintiffs' request for a creditor's examination or (2) Magistrate Judge Majzoub's report and recommendation.

In evaluating the merit of this motion, the Court turns to the Federal Rules of Civil Procedure which provide:

> (1) Money Judgment; Applicable Procedure.
> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) Obtaining Discovery.
> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a).

An examination of (1) the official docket, (2) the Plaintiffs' instant request, and (3) the magistrate judge's report and recommendation, indicates that their motion is reasonable and warranted. In addition, the Defendants have implicitly consented to the relief that the Plaintiffs seek to obtain in this motion as evidenced by their collective failure to file any pleadings in

2

opposition or to submit any timely objections to the requested relief. Moreover, inasmuch as the Plaintiffs seek to require one of the Defendants, Balaguru Ramasamy,[1] to appear at a mutually agreed upon time and place for a creditor's examination, the Clerk of the Court is directed to issue a subpoena[2] in accordance with Federal Rule of Civil Procedure 45.[3]

Accordingly and for the reasons that have been stated above, the Court adopts the magistrate judge's report and recommendation in its entirety and, in so doing, grants the Plaintiffs' motion for a creditor's examination.

IT IS SO ORDERED.

Dated: May 12, 2010  
    Detroit, Michigan

s/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 12, 2010.

s/ Kay Doaks  
Case Manager

---

[1] The Plaintiffs assert that they will be able to obtain all necessary financial information from this Defendant because he "is the owner/operator of all Defendant Corporations[.]"

[2] The Plaintiffs' counsel is directed to contact the Clerk of the Court to obtain the subpoena.

[3] Fed. R. Civ. P. 45 governs issuance of subpoenas in federal court.